Archibald C. Wemple, J.
It appears that a default judgment for $2,521.37, was taken in Schenectady County Court on July 29, 1955, approximately four years ago. The defendant then and during all proceedings here and in Bankruptcy Court, has been represented by competent counsel at all times. In fact it appears from the moving papers that the defendant has been represented by several different counsel during successive periods prior to and subsequent to the time judgment was taken. Following the judgment an involuntary bankruptcy proceeding *1008 was instituted against this defendant by several creditors. This proceeding is still pending.
The defendant has failed to give a satisfactory explanation for the long delay in making the application herein. Neither has this defendant attached to his moving papers a proposed answer to the claim under which the judgment herein was granted. In fact, no meritorious defense to the claim has been indicated, nor has there been shown any mistake, surprise, inadvertence or excusable neglect on the part of the defendant or any of his several attorneys.
The defendant’s contention that the opening of the judgment herein would permit the vacating or discontinuance of the involuntary bankruptcy proceeding is without merit. Bankruptcies are predicated upon creditors’ claims, not judgments as such. If indeed this defendant has any claim against one Alexander Grasso, as alleged in the defendant’s affidavit, such claim appears to belong to the defendant’s trustee in bankruptcy, and/or the defendant herein, as their interests may appear. Frankly, it is beyond the understanding of this court how any claim against Grasso, a third party, has any bearing upon any alleged defense of the defendant to the claim of the plaintiff herein.
The defendant herein has had ample time and opportunity to move to open the default judgment entered herein. In fact the defendant was once given an opportunity by this court to open this default and have his ‘ ‘ day in court ’ ’, but defendant neglected to take advantage of this order. There has been no satisfactory explanation for the long delay or for defendant’s failure to proceed to open the default herein and try the case on the merits, under the terms as provided in the decision of this court on January 31,1956.
The court herein points out that section 108 of the Civil Practice Act designates a limit of one year after notice of judgment for a person to apply to be relieved from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect.
Since the application was not made within one year, nor any showing of any of the four grounds above specified, nor is any fraud apparent, nor any valid reason stated for the long delay, nor any meritorious defense or proposed answer submitted, the application herein is denied.
Enter order accordingly.